**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **EMANUEL JENKINS** | : | |
| | : | |
| **v.** | : | **C.A. NO: 04-453S** |
| | : | |
| **STATE OF RHODE ISLAND, State Police Department, STEVEN M. PARE, individually and in his official capacity as Superintendent of the Rhode Island State Police, MATTHEW MOYNIHAN individually and in his official capacity as a state trooper employed by the State of Rhode Island, Rhode Island State Police, DEREK BOREK, individually and in his official capacity as a state trooper employed by the State of Rhode Island, Rhode Island State Police** | : | |

**DEFENDANT TROOPER MATTHEW MOYNIHAN'S MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO INTERROGATORIES**

Now comes Defendant Trooper Matthew Moynihan, pursuant to Rule 37(a)(2) of the Federal Rules of Civil Procedure and Local Rule 13, and hereby moves to compel the Plaintiff Emanuel Jenkins to provide more responsive answers to the interrogatories 5 through 10.

Defendant requests a 15-day order as discovery closes mid-January 2006 and more responsive answers are needed before Plaintiff can be deposed.

Defendant's counsel has in good faith conferred or attempted to confer with opposing counsel in an effort to secure the information without court action.

Respectfully submitted,

DEFENDANT
TROOPER MATTHEW MOYNIHAN

By his Attorney

PATRICK C. LYNCH
ATTORNEY GENERAL

Brenda D. Baum (5184)
Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 ext. 2294
Fax: (401) 222-3016

CERTIFICATION

I hereby certify that on this 10th day of November 2005 a true copy of the within Motion to Compel More Responsive Answers to Interrogatories was mailed to:

V. Edward Formisano, Esq.
Sinapi, Formisano & Company
100 Midway Place, Suite 1
Cranston, RI 02920

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **EMANUEL JENKINS** | : | |
| | : | |
| **v.** | : | **C.A. NO: 04-453S** |
| | : | |
| **STATE OF RHODE ISLAND, State Police Department, STEVEN M. PARE, individually and in his official capacity as Superintendent of the Rhode Island State Police, MATTHEW MOYNIHAN individually and in his official capacity as a state trooper employed by the State of Rhode Island, Rhode Island State Police, DEREK BOREK, individually and in his official capacity as a state trooper employed by the State of Rhode Island, Rhode Island State Police** | : | |

**DEFENDANT TROOPER MATTHEW MOYNIHAN'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO INTERROGATORIES**

Now comes Defendant Trooper Matthew Moynihan, pursuant to Rule 37(a)(27) of the Federal Rules of Civil Procedure and Local Rule 13 and hereby moves to compel the Plaintiff Emanuel Jenkins to provide more responsive answers to the interrogatories.

The Defendant Trooper Matthew Moynihan propounded interrogatories to Plaintiff Jenkins in July 2005. See Exhibit A. Plaintiff provided a response on October 19, 2005. See Exhibit B. Defendant Moynihan submits that the answers to interrogatories 5 through 11 are inadequate and/or not responsive to the questions posed. By letter dated October 25, 2005, Defendant made a good faith attempt to resolve this issue. See Exhibit C. The parties are unable to resolve the matter without court

intervention. Therefore, the Defendant Trooper Moynihan requests that Plaintiff be compelled to provide the requested information to interrogatories 5 through 11 as stated below.

Interrogatory No. 5: Please describe in detail what occurred from the time you observed the State Police cruiser behind your vehicle on Route 95 on June 25, 2002 until you were released from the State Police Barracks in Lincoln.

Plaintiff's Response: See allegations as stated in Plaintiff's Complaint.

Information Sought: Defendant Trooper Moynihan seeks Plaintiff to describe these facts in detail as oppose to the cursory allegations and facts set forth in the Complaint. Moreover, it is not a verified Complaint so Plaintiff has not attested to the assertions in the Complaint nor is there any indication that the Complaint sets forth in detail what Plaintiff recollects.

Interrogatory No. 6: Please set forth each and every fact upon which you base your allegation at Paragraph 41 of your Amended complaint that "Defendants, by their individual and concerted acts and/or omissions, including but not limited to those described herein, breached the duty of care owed to Plaintiff thereby causing Plaintiff to sustain reasonable foreseeable harm and damages".

Plaintiff's Response: I am unable to respond to this question because I do not have the legal expertise to understand the question. Furthermore, I did not prepare the Complaint.

Information Sought: Plaintiff's Complaint includes a conclusory statement. Plaintiff should not be able to escape explaining the facts that he premises his

claims against Defendant Trooper Moynihan because he alleges that he does not have the legal expertise to understand the question nor did he prepare the Complaint. Only Plaintiff knows what actions or inactions he believes breached a duty of care he claims he was owed. The interrogatory asks for facts and Defendant Trooper Moynihan cannot properly defend against these allegations and will be severely prejudiced if Plaintiff does not provide the facts that support this claim. Defendant Trooper Moynihan requests that Plaintiff identify with detail each and every fact he is relying on when he makes this conclusory statement that the defendants "individual and concerted acts and/or omissions, including but not limited to those described herein, breached the duty of care owed to Plaintiff thereby causing Plaintiff to sustain reasonable foreseeable harm and damages".

Interrogatory No. 7: Please set forth each and every fact upon which you base your allegation in Paragraph 42 of your Complaint that Defendant Trooper Moynihan acted and/or omitted to act which caused you to "reasonably fear imminent bodily harm".

Plaintiff's Response: See response to Interrogatory Number 6.

Information Sought: Plaintiff's response to interrogatory number 6 was "I am unable to respond to this question because I do not have the legal expertise to understand the question. Furthermore, I did not prepare the Complaint."

Plaintiff's Complaint includes a conclusory statement. Plaintiff should not be able to escape explaining the facts that he premises his claims against Defendant

Trooper Moynihan because he alleges that he does not have the legal expertise to understand the question nor did he prepare the Complaint. Only Plaintiff knows what actions or inactions he believes caused him to "reasonably fear imminent bodily harm". The interrogatory asks for facts and Defendant Trooper Moynihan cannot properly defend against these allegations and will be severely prejudiced if Plaintiff does not provide the facts that support this claim. Defendant Trooper Moynihan requests that Plaintiff identify with detail each and every fact Plaintiff is relying on when he makes this conclusory statement that Defendant Trooper Trooper Moynihan acted and/or omitted to act which caused him to "reasonably fear imminent bodily harm".

Interrogatory No. 8: Please set forth each and every fact upon which you base your allegation in paragraph 43 of your Amended Complaint that Defendant Trooper Moynihan "intentionally engaged in unprivileged, unconsented and offensive contact with" you.

Plaintiff's Response: See response to Interrogatory Number 6.

Information Sought: Plaintiff's response to interrogatory number 6 was "I am unable to respond to this question because I do not have the legal expertise to understand the question. Furthermore, I did not prepare the Complaint."

Plaintiff's Complaint includes a conclusory statement. Plaintiff should not be able to escape explaining the facts that he premises his claims against Defendant Trooper Moynihan because he alleges that he does not have the legal expertise to understand the question nor did he prepare the Complaint. Only Plaintiff knows

what actions or inactions he believes Trooper Moynihan made that resulted in an "unprivileged, unconsented and offensive contact with" him. The interrogatory asks for facts and Defendant Trooper Moynihan cannot properly defend against these allegations and will be severely prejudiced if Plaintiff does not provide the facts that support this claim. Defendant Trooper Moynihan requests that Plaintiff identify with detail each and every fact Plaintiff is relying on when he makes this conclusory statement that Trooper Moynihan "intentionally engaged in unprivileged, unconsented and offensive contact with" him.

Interrogatory No. 9: Please state each and every fact upon which you base your allegation in Paragraph 44 of your Amended Complaint that Defendant Trooper Moynihan "illegally searched and seized [you] in derogation" of your "constitutional right to be free from unreasonable searches and seizures".

Plaintiff's Response: See response to Interrogatory Number 6.

Information Sought: Plaintiff's response to interrogatory number 6 was "I am unable to respond to this question because I do not have the legal expertise to understand the question. Furthermore, I did not prepare the Complaint."

Plaintiff's Complaint includes a conclusory statement. Plaintiff should not be able to escape explaining the facts that he premises his claims against Defendant Trooper Moynihan because he alleges that he does not have the legal expertise to understand the question nor did he prepare the Complaint. Only Plaintiff knows what actions or inactions he believes of Trooper Moynihan constituted an illegal search and seizure. The interrogatory asks for facts and Defendant Trooper

Moynihan cannot properly defend against these allegations and will be severely prejudiced if Plaintiff does not provide the facts that support this claim. Only Plaintiff knows what actions or inactions he believes constituted an illegal search and an illegal seizure. Defendant Trooper Moynihan requests that Plaintiff identify with detail each and every fact Plaintiff is relying on when he makes this conclusory statement that Defendant Trooper Moynihan "illegally searched and seized [him].

<u>Interrogatory No. 10</u>: Please state each and every fact upon which you base your allegation in Paragraph 45 of your Complaint that Defendant Trooper Moynihan "illegally searched and seized [you] in derogation" of your "constitutional right to be free from unreasonable searches and seizures".

<u>Plaintiff's Response</u>: See response to Interrogatory Number 6.

<u>Information Sought</u>: Plaintiff's response to interrogatory number 6 was "I am unable to respond to this question because I do not have the legal expertise to understand the question. Furthermore, I did not prepare the Complaint."

Plaintiff's Complaint includes a conclusory statement. Defendant Trooper Moynihan requests that Plaintiff identify with detail each and every fact Plaintiff is relying on when he makes this conclusory statement in the Complaint. Plaintiff should not be able to escape explaining the facts that he premises his claims against Defendant Trooper Moynihan because he claims that he does not have the legal expertise to understand the question nor did he prepare the Complaint. Only Plaintiff knows what actions or inactions he believes of Trooper Moynihan

constituted an illegal search and seizure. The interrogatory asks for facts and Defendant Trooper Moynihan cannot properly defend against these allegations and will be severely prejudiced if Plaintiff does not provide the facts that support this claim. Defendant Trooper Moynihan requests that Plaintiff identify with detail each and every fact Plaintiff is relying on when he makes this conclusory statement that Defendant Trooper Moynihan "illegally searched and seized [him].

Interrogatory No. 11: Please state each and every fact upon which you base your allegation in Paragraph 46 of your Complaint that Defendant Trooper Moynihan "illegally searched and seized" you thereby subjecting you to a "deprivation of [your] right to be secure from unreasonable intrusion upon [your] physical solitude or seclusion" in violation of 42 U.S.C. §1981.

Plaintiff's Response: See response to Interrogatory Number 6.

Information Sought: Plaintiff's response to interrogatory number 6 was "I am unable to respond to this question because I do not have the legal expertise to understand the question. Furthermore, I did not prepare the Complaint."

Plaintiff's Complaint includes a conclusory statement. Defendant Trooper Moynihan requests that Plaintiff identify with detail each and every fact Plaintiff is relying on when he makes this conclusory statement in the Complaint. Plaintiff should not be able to escape explaining the facts that he premises his claims against Defendant Trooper Moynihan because he claims that he does not have the legal expertise to understand the question nor did he prepare the Complaint. Only

Plaintiff knows what actions or inactions he believes of Trooper Moynihan constituted an illegal search and seizure in violation of 42 USC §1981. The interrogatory asks for facts and Defendant Trooper Moynihan cannot properly defend against these if Plaintiff does not provide the facts that support this claim. Defendant Trooper Moynihan requests that Plaintiff identify with detail each and every fact that supports his claim that Trooper Moynhan deprived him of his "right to be secure from unreasonable intrusion upon [his] physical solitude or seclusion" in violation of 42 U.S.C. §1981."

WHEREFORE, the Defendant Trooper Matthew Moynihan requests that its motion to compel more responsive answers be granted.

Defendant Moynihan requests a 15-day order.

Respectfully submitted,
DEFENDANT
TROOPER MATTHEW MOYNIHAN

By his Attorney

PATRICK C. LYNCH
ATTORNEY GENERAL

Brenda D. Baum (5184)
Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 ext. 2294
Fax: (401) 222-3016

CERTIFICATION

I hereby certify that on this 10th day of November 2005 a true copy of the within Memorandum of Law in Support of Motion to Compel More Responsive Answers to Interrogatories was mailed to:

V. Edward Formisano, Esq.
Sinapi, Formisano & Company
100 Midway Place, Suite 1
Cranston, RI 02920