# Exhibit B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

EMANUEL JENKINS, :
    Plaintiff :
:
v. : C.A. No. 04-453S
:
STATE OF RHODE ISLAND, et al., :
    Defendants :

## PLAINTIFF'S RESPONSE TO DEFENDANT MOYNIHAN'S INTERROGATORIES

Now comes the Plaintiff and hereby responds to Defendant Moynihan's Interrogatories as follows:

**Interrogatory No. 1:** Set forth the full name of the person answering these interrogatories and any other names by which you have been known; date of birth; social security number; marital status; residence address used during the past five (5) years; business address and occupation; and the name and occupation of any person assisting you in the preparation of these answers.

**Response No. 1:** name: Emanuel Jenkins, Jr; d/o/b: ▮▮▮▮; ssn: ▮▮▮▮▮▮▮; marital status: single; residence address: 158 Burnside Street, Providence, RI; occupation: not applicable; my attorney assisted me in responding to these interrogatories.

**Interrogatory No. 2:** State names, addresses and phone numbers of any and all persons whom you believe have any knowledge or information pertaining to the events complained of, their causes or consequences and set forth what information you know or believe such person or persons have, and how such person or persons acquired such knowledge.

**Response No. 2:** Howard Soares, Jr., 90 Superior Street, Providence, RI; 274-8586. Mr. Soares was present at the scene of the incident. Also, the individual Defendants in this matter the witnesses to the incident at issue and my attorney have knowledge or information pertaining to the events complained of, their causes or consequences.

**Interrogatory No. 3:** State the names and addresses of those persons who have given you, or your attorney or any other person, firm or corporation acting on your behalf, statements, reports, voice recordings, or memoranda relating to the matter complained of, its causes or consequences and provide the date of each item, and the names and address of the person, firm or corporation who now has possession or custody of such item.

**Response No. 3:** Please see response to Request No. 7 of Defendant Moynihan's Request for Production of Documents.

**Interrogatory No. 4:** Did you or anyone working on your behalf have any conversation(s) with any defendants, or any person acting on any defendants' behalf, related to the acts or omissions alleged in the complaint?

If your answer is yes, state:

a. The date and substance of each and every conversation;
b. The location of each and every conversation and whether it was in person, by phone or any other means;
c. The name and address of each and every person or witness who has knowledge of each conversation;
d. Identify the nature, substance and location of each and every document or tangible thing that relates to each and every conversation.

**Response No. 4:** My attorney advises me that he had discussions with Carol Fallon Wolfe, Esq. regarding retrieval of my belongings seized by the State Police as well as his request for records relating to the incident.

**Interrogatory No. 5:** Please describe in detail what occurred from the time you observed the State Police cruiser behind your vehicle on Route 95 on June 25, 2002 until you were released from the State Police Barracks in Lincoln, RI.

**Response No. 5:** See allegations as stated in Plaintiff's Complaint.

**Interrogatory No. 6:** Please set forth each and every fact upon which you base your allegation at Paragraph 41 of your Amended complaint that "Defendants, by their individual and concerted acts and/or omissions, including but not limited to those described herein, breached the duty of care owned to Plaintiff thereby causing Plaintiff to sustain reasonable foreseeable harm and damages".

**Response No. 6:** I am unable to respond to this question because I do not have the legal expertise to understand the question. Furthermore, I did not prepare the Complaint.

**Interrogatory No. 7:** Please set forth each and every fact upon which you base your allegation in Paragraph 42 of your Complaint that Defendant Trooper Moynihan acted and/or omitted to act which caused you to "reasonably fear imminent bodily harm"

**Response No. 7:** Please see response to Interrogatory No. 6.

**Interrogatory No. 8:** Please set forth each and every fact upon which you base your allegation in paragraph 43 of your Amended Complaint that Defendant Trooper Moynihan "intentionally engaged in unprivileged, unconsented and offensive contact with" you.

**Response No. 8:** Please see response to Interrogatory No. 6.

**Interrogatory No. 9:** Please state each and every fact upon which you base your allegation in Paragraph 44 of your Amended Complaint that Defendant Trooper Moynihan "illegally searched and seized [you] in derogation" of your "constitutional right to be free from unreasonable searches and seizures".

**Response No. 9:** Please see response to Interrogatory No. 6.

**Interrogatory No. 10:** Please state each and every fact upon which you base your allegation in Paragraph 45 of your Complaint that Defendant Trooper Moynihan "illegally searched and seized [you] in derogation" of you "constitutional right to be free from unreasonable searches and seizures".

**Response No. 10:** Please see response to Interrogatory No. 6.

**Interrogatory No. 11:** Please state each and every fact upon which you base your allegation in Paragraph 46 of your Complaint that Defendant Trooper Moynihan "illegally searched and seized" you thereby subjecting you to a "deprivation of [your] right to be secure from unreasonable intrusion upon [your] physical solitude or seclusion" in violation of 42 U.S.C. §1981.

**Response No. 11:** Please see response to Interrogatory No. 6.

**Interrogatory No. 12:** Do you contend that you suffered any damages as a result of the acts or omissions of Defendant Trooper Moynihan?

If your answer is yes, state:
a. Each and every fact upon which you base that contention;
b. State the name and current or last known address of each and every witness to the facts stated above, further stating which facts each person witnessed;
c. Identify the nature, substance and location of each and every document that supports your contention; and
d. Itemize in chronological order the nature and amount of each item of damage claimed by you.

**Response No. 12:**

a. The Plaintiff sustained a gunshot wound to my leg for no reason;
b. Howard Soares, Jr., 90 Superior Street, Providence, RI, the individual Defendants and the witnesses to the incident;
c. See response to Request No. 4 of Defendant, State of Rhode Island's Request for Production of Documents; and,
d. D. Plaintiff may supplement this answer in accordance with the Fed.R.Civ. P.

**Interrogatory No. 13:** What, if anything, do you contend Defendant Trooper Moynihan should have done to prevent the claims and damages alleged in your amended complaint?

3

**Response No. 13:** Please see Plaintiff's Supplemental Response to Defendants' Request for Production of Documents.

**Interrogatory No. 14:** Please describe all injuries, both medical and psychological which you claim to have suffered as a result of the alleged incident on June 25, 2002 stating the parts of your body so affected, the severity of such injuries, ailments or pains and how long each lasted.

**Response No. 14:** The Plaintiff suffered a gunshot wound injury to his right thigh and psychological injuries resulting from the incidents as alleged in Plaintiff's Complaint.

**Interrogatory No. 15:** Please state each and every date on which you were examined or treated by any doctor, physician, psychiatrist, psychologist, or other health care provider with respect to any injury, illness or disability which you claim to have sustained or suffered as a result of the alleged occurrence on June 25, 2002, setting forth in detail as to each date of examination or treatment:

   a. The name and address of each such doctor, physician, psychiatrist, psychologist or other health care professional.
   b. The nature and extent of the examination or treatment received from each such doctor, physician, psychiatrist, psychologist or other health care professional.
   c. The diagnosis made by each such doctor, physician, psychiatrist, psychologist or other health care professional.
   d. The amount of the charge made to you, or any other person or organization for your account, by each doctor, physician, psychiatrist, psychologist or other health care professional, fully itemized as indicated in any bill rendered therefore.

**Response No. 15:**
a.
   1. On or about June 25, 2002, the Plaintiff sough medical treatment at Rhode Island Hospital Emergency Room;
   2. The Plaintiff was treated at Rhode Island Hospital for a gun shot wound injury to his right thigh;
   3. gun shot wound to the right thigh; and,
   4. $1,995.00.

b.
   1. On or about July 1, 2002, July 8, 2002, and July 22, 2002, the Plaintiff sought follow-up medical treatment at the Rhode Island Hospital Surgical Trauma Clinic;
   2. The Plaintiff received follow-up medical treatment at the trauma clinic for the aforesaid gun shout wound injury;
   3. Not applicable; and,
   4. $937.00.

c.

4

1. Between or about July 2, 2002 through or about October 25, 2002, the Plaintiff treated with David Kahn, M.D.;
2. The Plaintiff received psychotherapy treatment from Dr. Kahn;
3. The Plaintiff may supplement this answer in accordance with the Fed. R.Civ.P.;
4. $950.00.

**Interrogatory No. 16:** If you are claiming any loss of earning capacity as a result of the alleged occurrence, please state:

    a. The inclusive dates between which you were unable to work as a result of the alleged occurrence;
    b. The total amount of earnings which you lost as a result of your absence;
    c. The nature of you employment immediately prior to the alleged occurrence, indicating your job title, classification or position;
    d. Your earning basis on a weekly, monthly or annual arrangement.

**Response No. 16:** At this time, the Plaintiff is not claiming any loss of earning capacity.

**Interrogatory No. 17:** State the name, residence and business address of each person whom you expect to call as a witness in this case and give a brief summary of the expected testimony of each witness.

**Response No. 17:** I will testify as to the incident and my injuries. My attorney advises me that no decision has been made as to who else he intends to call to testify.

**Interrogatory No. 18:** Identify each document, pieces of documentary evidence or exhibits you intend to present at trial in this action.

**Response No. 18:** My attorney advises me that no decision has been made as to what evidence he intends to present at trial.

**Interrogatory No. 19:** State the name, address, area of expertise and qualifications of any expert witness you have retained to testify on your behalf at trial, and with respect to each, provide:
    a. The subject matter on which the expert is expected to testify;
    b. The facts and opinions to which each expert is expected to testify;
    c. A summary of the grounds for each opinion of each expert;
    d. All treatises, texts or articles relied upon by the expert in forming each such opinion.

**Response No. 19:** David M. Grossi. Please see Plaintiff's Supplemental Response to Defendants' Request for Production of Documents.

**Interrogatory No. 20:** Have you ever been arrested, convicted of or pled guilty or nolo to a criminal offense. If so, state the date of your plea or conviction, the charge(s), the file number and the name and address of the Court.

**Response No. 20:** In July, 2002, the Plaintiff was arrested for driving with a suspended license; Sixth Division District Court, One Dorrance Plaza, Providence, Rhode Island. The Plaintiff will supplement this response.

*Emanuel Jenkins*
Emanuel Jenkins

Subscribed and sworn to before me in CRANSTON, RI, this 28TH day of October, 2005.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES: 11/24/07

Submitted by:
Attorneys for Plaintiff,
SINAPI, FORMISANO & CO., LTD.

_____
V. Edward Formisano (5512)
100 Midway Place, Suite 1
Cranston, RI  02920
(401) 944-9690
(401) 943-9040 (facsimile)

## CERTIFICATION

To:   Brenda Baum, Assistant Attorney General
      Department of Attorney General
      150 South Main Street
      Providence, RI 02903

I hereby certify that the within document was caused to be served by mail, postage prepaid, to the above-cited attorney of record on this 19 day of October, 2005.

_____

6