# Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **EMANUEL JENKINS** | : | |
| | : | |
| **v.** | : | **C.A. NO: 04-453S** |
| | : | |
| **STATE OF RHODE ISLAND,** | : | |
| **State Police Department,** | : | |
| **STEVEN M. PARE, individually and in** | : | |
| **his official capacity as Superintendent of** | : | |
| **the Rhode Island State Police,** | : | |
| **MATTHEW MOYNIHAN individually** | : | |
| **and in his official capacity as a state** | : | |
| **trooper employed by the State of Rhode** | : | |
| **Island, Rhode Island State Police,** | : | |
| **DEREK BOREK, individually and in his** | : | |
| **official capacity as a state trooper** | : | |
| **employed by the State of Rhode Island,** | : | |
| **Rhode Island State Police** | : | |

**DEFENDANT TROOPER DEREK BOREK'S INTERROGATORIES TO THE PLAINTIFF EMANUEL JENKINS**

Your attention is respectfully directed to Rule 33 and Local Rule 13, which requires you to furnish "Such information as is available to the party." Therefore, kindly make inquiries to and/or references to such documents, employees, agents and/or servants of plaintiff to enable you to answer these interrogatories fully and accurately.

Interrogating party requires that within thirty (30) days after service of these written interrogatories, interrogated party shall answer, under oath, the following questions. If affiant cannot answer the following interrogatories in full and complete detail after exercising due diligence to secure the information to do so, so state and answer to the extent possible, stating whatever information or knowledge affiant has concerning the unanswered portion.

Whenever identification of documents is called for in these interrogatories, copies of the documents may be furnished instead of identification to the extent that the information called for is provided in this document.

These interrogatories shall be deemed continuing so as to require reasonable supplemental answers of the interrogated party, agents, representatives or attorney, if any of them obtain further information between the time answers are served and time of trial.

**INTERROGATORY NO. 1:** Set forth the full name of the person answering these interrogatories and any other names by which you have been known; date of birth; social security number; marital status; residence address used during the past five (5) years; business address and occupation; and the name and occupation of any person assisting you in the preparation of these answers.

**INTERROGATORY NO. 2:** State names, addresses and phone numbers of any and all persons whom you believe have any knowledge or information pertaining to the events complained of, their causes or consequences and set forth what information you know or believe such person or persons have, and how such person or persons acquired such knowledge.

**INTERROGATORY NO. 3:** State the names and addresses of those persons who have given you, or your attorney or any other person, firm or corporation acting on your behalf, statements, reports, voice recordings, or memoranda relating to the matter complained of, its causes or consequences and provide the date of each item, and the names and address of the person, firm or corporation who now has possession or custody of such item.

**INTERROGATORY NO. 4:** Did you or anyone working on your behalf have any conversation(s) with any defendants, or any person acting on any defendants' behalf, related to the acts or omissions alleged in the complaint?

If your answer is yes, state:

A. The date and substance of each and every conversation;

B. The location of each and every conversation and whether it was in person, by phone or any other means;

C. The name and address of each and every person or witness who has knowledge of each conversation;

D. Identify the nature, substance and location of each and every document or tangible thing that relates to each and every conversation.

**INTERROGATORY NO. 5:** Please describe in detail what occurred from the time you observed the State Police cruiser behind your vehicle on Route 95 on June 25, 2002 until you were released from the State Police Barracks in Lincoln, RI.

**INTERROGATORY NO. 6:** Please set forth each and every fact upon which you base your allegation at Paragraph 41 of your Amended complaint that "Defendants, by their individual and concerted acts and/or omissions, including but not limited to those described herein, breached the duty of care owed to Plaintiff thereby causing Plaintiff to sustain reasonable foreseeable harm and damages".

**INTERROGATORY NO. 7:** Please set forth each and every fact upon which you base your allegation in Paragraph 42 of your Complaint that Defendant Trooper Borek acted and/or omitted to act which caused you to "reasonably fear imminent bodily harm".

**<u>INTERROGATORY NO. 8</u>:** Please set forth each and every fact upon which you base your allegation in paragraph 43 of your Amended Complaint that Defendant Trooper Borek "intentionally engaged in unprivileged, unconsented and offensive contact with" you.

**<u>INTERROGATORY NO. 9</u>:** Please state each and every fact upon which you base your allegation in Paragraph 44 of your Amended Complaint that Defendant Trooper Borek "illegally searched and seized [you] in derogation" of your "constitutional right to be free from unreasonable searches and seizures".

**<u>INTERROGATORY NO. 10</u>:** Please state each and every fact upon which you base your allegation in Paragraph 45 of your Complaint that Defendant Trooper Borek "illegally searched and seized [you] in derogation" of your "constitutional right to be free from unreasonable searches and seizures".

**<u>INTERROGATORY NO. 11</u>:** Please state each and every fact upon which you base your allegation in Paragraph 46 of your Complaint that Defendant Trooper Borek "illegally searched and seized" you thereby subjecting you to a "deprivation of [your] right to be secure from unreasonable intrusion upon [your] physical solitude or seclusion" in violation of 42 U.S.C. §1981.

**<u>INTERROGATORY NO. 12</u>:** Do you contend that you suffered any damages as a result of the acts or omissions of Defendant Trooper Borek?

If your answer is yes, state:

A. Each and every fact upon which you base that contention;

B. State the name and current or last known address of each and every witness to the facts stated above, further stating which facts each person witnessed;

C. Identify the nature, substance and location of each and every document that supports your contention; and

D. Itemize in chronological order the nature and amount of each item of damage claimed by you.

**INTERROGATORY NO. 13:** What, if anything, do you contend Defendant Trooper Borek should have done to prevent the claims and damages alleged in your amended complaint?

**INTERROGATORY NO. 14:** Please describe all injuries, both medical and psychological which you claim to have suffered as a result of the alleged incident on June 25, 2002 stating the parts of your body so affected, the severity of such injuries, ailments or pains and how long each lasted.

**INTERROGATORY NO. 15:** Please state each and every date on which you were examined or treated by any doctor, physician, psychiatrist, psychologist, or other health care provider with respect to any injury, illness or disability which you claim to have sustained or suffered as a result of the alleged occurrence on June 25, 2002, setting forth in detail as to each such date of examination or treatment:

A. The name and address of each such doctor, physician, psychiatrist, psychologist or other health care professional.

B. The nature and extent of the examination or treatment received from each such doctor, physician, psychiatrist, psychologist or other health care professional.

C. The diagnosis made by each such doctor, physician, psychiatrist, psychologist or other health care professional.

D. The amount of the charge made to you, or any other person or organization for your account, by each doctor, physician, psychiatrist, psychologist or other health care professional, fully itemized as indicated in any bill rendered therefore.

**INTERROGATORY NO. 16:** If you are claiming any loss of earning capacity as a result of the alleged occurrence, please state:

A. The inclusive dates between which you were unable to work as a result of the alleged occurrence;

B. The total amount of earnings which you lost as a result of your absence;

C. The nature of you employment immediately prior to the alleged occurrence, indicating your job title, classification or position;

D. Your earning basis on a weekly, monthly or annual arrangement.

**INTERROGATORY NO. 17:** State the name, residence and business address of each person whom you expect to call as a witness in this case and give a brief summary of the expected testimony of each witness.

**INTERROGATORY NO. 18:** Identify each document, pieces of documentary evidence or exhibits you intend to present at trial in this action.

**INTERROGATORY NO. 19:** State the name, address, area of expertise and qualifications of any expert witness you have retained to testify on your behalf at trial, and with respect to each, provide:

A. The subject matter on which the expert is expected to testify;

B. The facts and opinions to which each expert is expected to testify;

C. A summary of the grounds for each opinion of each expert;

D. All treatises, texts or articles relied upon by the expert in forming each such opinion; and

**INTERROGATORY NO. 20:** Have you ever been arrested, convicted of or pled guilty or nolo to a criminal offense. If so, state the date of your plea or conviction, the charge(s), the file number and the name and address of the Court.

Respectfully submitted,

DEFENDANT TROOPER DEREK BOREK
By his Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

BRENDA D. BAUM (5184)
Assistant Attorney General
150 South Main Street
Providence, Rhode Island 02903
(401) 274-4400 Ext. 2294
(401) 222-3016 (Fax)

**CERTIFICATION**

I, the undersigned, hereby certify that a copy of the Defendant Borek's Interrogatories to Plaintiff was mailed, postage prepaid, on this ____ day of July, 2005, to:

V. Edward Formisano
Sinapi, Formisano & Coleman
100 Midway Place, Suite 1
Cranston, RI 02920

______________________________