**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **EMANUEL JENKINS** | : | |
| | : | |
| **v.** | : | **C.A. NO: 04-453S** |
| | : | |
| **STATE OF RHODE ISLAND, State Police Department, STEVEN M. PARE, individually and in his official capacity as Superintendent of the Rhode Island State Police, MATTHEW MOYNIHAN individually and in his official capacity as a state trooper employed by the State of Rhode Island, Rhode Island State Police, DEREK BOREK, individually and in his official capacity as a state trooper employed by the State of Rhode Island, Rhode Island State Police** | : | |

**DEFENDANT STATE OF RHODE ISLAND'S MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO AMENDED INTERROGATORIES**

Now comes Defendant State of Rhode Island, pursuant to Rule 37(a)(2) of the Federal Rules of Civil Procedure and Local Rule 13, and hereby moves to compel the Plaintiff Emanuel Jenkins to provide more responsive answers to the interrogatories 5 through 11.

Defendant requests a 15-day order as discovery closes mid-January 2006 and more responsive answers are needed before Plaintiff can be deposed.

Defendant's counsel has in good faith conferred or attempted to confer with opposing counsel in an effort to secure the information without court action.

Respectfully submitted,

DEFENDANT
STATE OF RHODE ISLAND

By its Attorney

PATRICK C. LYNCH
ATTORNEY GENERAL

Brenda D. Baum (5184)
Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 ext. 2294
Fax: (401) 222-3016

## CERTIFICATION

I hereby certify that on this 10th day of November 2005 a true copy of the within Motion to Compel More Responsive Answers to Interrogatories was mailed to:

V. Edward Formisano, Esq.
Sinapi, Formisano & Company
100 Midway Place, Suite 1
Cranston, RI 02920

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **EMANUEL JENKINS** | : | |
| | : | |
| **v.** | : | **C.A. NO: 04-453S** |
| | : | |
| **STATE OF RHODE ISLAND, State Police Department, STEVEN M. PARE, individually and in his official capacity as Superintendent of the Rhode Island State Police, MATTHEW MOYNIHAN individually and in his official capacity as a state trooper employed by the State of Rhode Island, Rhode Island State Police, DEREK BOREK, individually and in his official capacity as a state trooper employed by the State of Rhode Island, Rhode Island State Police** | : | |

**DEFENDANT STATE OF RHODE ISLAND'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO INTERROGATORIES**

Now comes Defendant State of Rhode Island, pursuant to Rule 37(a)(27) of the Federal Rules of Civil Procedure and Local Rule 13 and hereby moves to compel the Plaintiff Emanuel Jenkins to provide more responsive answers to the amended interrogatories.

The Defendant State of Rhode Island propounded amended interrogatories to Plaintiff Jenkins in December 2004. See Exhibit A. Plaintiff provided a response on October 19, 2005. See Exhibit B. Defendant State of Rhode Island submits that the answers to interrogatories 5 through 11 are inadequate and/or not responsive to the questions posed. By letter dated October 25, 2005, Defendant made a good faith attempt

to resolve this issue. See Exhibit C. The parties are unable to resolve the matter without court intervention. Therefore, the Defendant State of Rhode Island requests that Plaintiff be compelled to provide the requested information to interrogatories 5 through 10 as stated below.

Interrogatory No. 5: Please set forth each and every fact upon which you base your allegation at Paragraph 41 of your Amended complaint that "Defendants, by their individual and concerted acts and/or omissions, including but not limited to those described herein, breached the duty of care owed to Plaintiff thereby causing Plaintiff to sustain reasonable foreseeable harm and damages".

Plaintiff's Response: I am unable to respond to this question because I do not have the legal expertise to understand the question. Furthermore, I did not prepare the Complaint.

Information Sought: Plaintiff's Complaint includes a conclusory statement. Plaintiff should not be able to escape explaining the facts that he premises his claims against Defendant State of Rhode Island because he alleges that he does not have the legal expertise to understand the question nor did he prepare the Complaint. Only Plaintiff knows what actions or inactions he believes breached a duty of care he claims he was owed. The interrogatory asks for facts and Defendant State of Rhode Island cannot properly defend against these allegations and will be severely prejudiced if Plaintiff does not provide the facts that support this claim. Defendant State of Rhode Island requests that Plaintiff identify with detail each and every fact he is relying on when he makes this conclusory

statement that the defendants "individual and concerted acts and/or omissions, including but not limited to those described herein, breached the duty of care owed to Plaintiff thereby causing Plaintiff to sustain reasonable foreseeable harm and damages".

Interrogatory No. 6: Please set forth each and every fact upon which you base your allegation in Paragraph 42 of your Complaint that Defendant John Doe and Ron Doe, by their individual and concerted acts and/or omission caused you to "reasonably fear imminent bodily harm".

Plaintiff's Response: See response to Interrogatory Number 5.

Information Sought: Plaintiff's response to interrogatory number 6 was "I am unable to respond to this question because I do not have the legal expertise to understand the question. Furthermore, I did not prepare the Complaint."

Plaintiff's Complaint includes a conclusory statement. Plaintiff should not be able to escape explaining the facts that he premises his claims against Defendant State of Rhode Island because he alleges that he does not have the legal expertise to understand the question nor did he prepare the Complaint. Only Plaintiff knows what actions or inactions he believes caused him to "reasonably fear imminent bodily harm". The interrogatory asks for facts and Defendant State of Rhode Island cannot properly defend against these allegations and will be severely prejudiced if Plaintiff does not provide the facts that support this claim. Defendant State of Rhode Island requests that Plaintiff identify with detail each and every fact Plaintiff is relying on when he makes this conclusory statement

that Defendants John Doe and Ron Doe (Trooper Moynihan and Trooper Borek) acted and/or omitted to act which caused him to "reasonably fear imminent bodily harm".

Interrogatory No. 7: Please set forth each and every fact upon which you base your allegation at Paragraph 43 of the Complaint that "Defendants, John Doe and Ron Doe, by their individual and concerted acts and/or omissions, including but not limited to those described herein, intentionally engaged in unprivileged unconsented and offensive contact with the Plaintiff, causing Plaintiff to sustain damages as aforesaid."

Plaintiff's Response: See response to Interrogatory Number 5.

Information Sought: Plaintiff's response to interrogatory number 6 was "I am unable to respond to this question because I do not have the legal expertise to understand the question. Furthermore, I did not prepare the Complaint."

Plaintiff's Complaint includes a conclusory statement. Plaintiff should not be able to escape explaining the facts that he premises his claims against Defendant State of Rhode Island because he alleges that he does not have the legal expertise to understand the question nor did he prepare the Complaint. Only Plaintiff knows what actions or inactions he believes John Doe and Ron Doe that resulted in an "unprivileged, unconsented and offensive contact with" him. The interrogatory asks for facts and Defendant State of Rhode Island cannot properly defend against these allegations and will be severely prejudiced if Plaintiff does not provide the facts that support this claim. Defendant State of Rhode Island

requests that Plaintiff identify with detail each and every fact Plaintiff is relying on when he makes this conclusory statement that the two troopers "intentionally engaged in unprivileged, unconsented and offensive contact with" him.

Interrogatory No. 8: Please state each and every fact upon which you base your allegation at Paragraph 44 of the Complaint that Defendants " cause Plaintiff to be illegally searched and seized in derogation of Plaintiff's" constitutional rights secured under the Fourth and Fourteenth Amendments to the United States Constitution."

Plaintiff's Response: See response to Interrogatory Number 5.

Information Sought: Plaintiff's response to interrogatory number 5 was "I am unable to respond to this question because I do not have the legal expertise to understand the question. Furthermore, I did not prepare the Complaint."

Plaintiff's Complaint includes a conclusory statement. Plaintiff should not be able to escape explaining the facts that he premises his claims against Defendant State of Rhode Island because he alleges that he does not have the legal expertise to understand the question nor did he prepare the Complaint. Only Plaintiff knows what actions or inactions he believes of defendants that constituted an illegal search and seizure. The interrogatory asks for facts and Defendant State of Rhode Island cannot properly defend against these allegations and will be severely prejudiced if Plaintiff does not provide the facts that support this claim. Only Plaintiff knows what actions or inactions he believes constituted an illegal search and an illegal seizure. Defendant State of Rhode Island requests that

Plaintiff identify with detail each and every fact Plaintiff is relying on when he makes this conclusory statement that Defendants "illegally searched and seized [him]" in violation of the US Constitution.

Interrogatory No. 9: Please state each and every fact upon which you base your allegation at Paragraph 44 of the Complaint that Defendants " cause Plaintiff to be illegally searched and seized in derogation of Plaintiff's" constitutional rights secured under Article I, § 6 of the Rhode Island Constitution."

Plaintiff's Response: See response to Interrogatory Number 5.

Information Sought: Plaintiff's response to interrogatory number 5 was "I am unable to respond to this question because I do not have the legal expertise to understand the question. Furthermore, I did not prepare the Complaint."

Plaintiff's Complaint includes a conclusory statement. Defendant State of Rhode Island requests that Plaintiff identify with detail each and every fact Plaintiff is relying on when he makes this conclusory statement in the Complaint. Plaintiff should not be able to escape explaining the facts that he premises his claims against Defendant State of Rhode Island because he claims that he does not have the legal expertise to understand the question nor did he prepare the Complaint. Only Plaintiff knows what actions or inactions he believes of Defendants that constituted an illegal search and seizure. The interrogatory asks for facts and Defendant State of Rhode Island cannot properly defend against these allegations and will be severely prejudiced if Plaintiff does not provide the facts that support this claim. Defendant State of Rhode Island requests that Plaintiff identify with

detail each and every fact Plaintiff is relying on when he makes this conclusory statement that Defendants "illegally searched and seized [him]" in violation of the Rhode Island Constitution.

Interrogatory No. 10: Please state each and every fact upon which you base your allegations at Paragraph 46 of the Complaint that the Defendants "by their individual and concerted acts and/or omissions, including but not limited to those described herein, caused the Plaintiff to sustain damages as aforesaid, and thereby deprived Plaintiff of rights secured under 42 USC § 1981."

Plaintiff's Response: See response to Interrogatory Number 5.

Information Sought: Plaintiff's response to interrogatory number 5 was "I am unable to respond to this question because I do not have the legal expertise to understand the question. Furthermore, I did not prepare the Complaint."

Plaintiff's Complaint includes a conclusory statement. Plaintiff should not be able to escape explaining the facts that he premises his claims against Defendant State of Rhode Island because he claims that he does not have the legal expertise to understand the question nor did he prepare the Complaint. Only Plaintiff knows what actions or inactions he believes of Defendants that constituted an illegal search and seizure in violation of 42 USC §1981. The interrogatory asks for facts and Defendant State of Rhode Island cannot properly defend against these allegations and will be severely prejudiced if Plaintiff does not provide the facts that support this claim. Defendant State of Rhode Island requests that Plaintiff identify with detail each and every fact that supports his claim that

Defendants deprived him of his "right to be secure from unreasonable intrusion upon [his] physical solitude or seclusion" in violation of 42 U.S.C. §1981."

WHEREFORE, the Defendant State of Rhode Island requests that its motion to compel more responsive answers be granted.

Defendant State of Rhode Island requests a 15-day order.

Respectfully submitted,

DEFENDANT
STATE OF RHODE ISLAND

By its Attorney

PATRICK C. LYNCH
ATTORNEY GENERAL

Brenda D. Baum (5184)
Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 ext. 2294
Fax: (401) 222-3016

CERTIFICATION

I hereby certify that on this 10th day of November 2005 a true copy of the within Memorandum of Law in Support of Motion to Compel More Responsive Answers to Interrogatories was mailed to:

V. Edward Formisano, Esq.
Sinapi, Formisano & Company
100 Midway Place, Suite 1
Cranston, RI 02920

Adrienne Rey