# Exhibit B

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

EMANUEL JENKINS,            :
     Plaintiff,               :
                                :

     v.                         :       C.A. No. 04-453S
                                :

STATE OF RHODE ISLAND, et al.,   :
     Defendants            :

## PLAINTIFF'S ANSWERS TO DEFENDANT
## STATE OF RHODE ISLAND'S AMENDED INTERROGATORIES

**Interrogatory 1**: Set forth the full name of the person answering these interrogatories and any other names by which you have been known; date of birth; social security number; marital status; residence address used during the past five (5) years; business address and occupation; and the name and occupation of any person assisting you in the preparation of these answers.

**Answer**: name: Emanuel Jenkins, Jr; d/o/b: ███ , ssn: ███ ; marital status: single; residence address: 158 Burnside Street, Providence, RI; occupation: not applicable; my attorney assisted me in responding to these interrogatories.

**Interrogatory 2**: State names, addresses and phone numbers of any and all persons whom you believe have any knowledge or information pertaining to the events complained of, their causes or consequences and set forth what information you know or believe such person or persons have, and how such person or persons acquired such knowledge.

**Answer**: Howard Soares, Jr., 90 Superior Street, Providence, RI; 274-8586. Mr. Soares was present at the scene of the incident. Also, the individual Defendants in this matter the witnesses to the incident at issue and my attorney have knowledge or information pertaining to the events complained of, their causes or consequences.

**Interrogatory 3**: State the names and addresses of those persons who have given you, or your attorney or any other person, firm or corporation acting on your behalf, statements, reports, voice recordings, or memoranda relating to the matter complained of, its causes or consequences and provide the date of each item, and the names and address of the person, firm or corporation who now has possession or custody of such item.

**Answer**: Please see response to Request No. 7 of Defendant State of Rhode Island's Request for Production of Documents.

**Interrogatory 4**: Did you or anyone working on your behalf have any conversation(s) with any defendants, or any person acting on any defendants' behalf, related to the acts or omissions alleged in the Complaint?

If your answer is yes, state:

a. The date and substance of each and every conversation;
b. The location of each and every conversation and whether it was in person, by phone or any other means;
c. The name and address of each and every person or witness who has knowledge of each conversation; and
d. Identify the nature, substance and location of each and every document or tangible thing that relates to each and every conversation.

**Answer**: My attorney advises me that he had discussions with Carol Fallon Wolfe, Esq. regarding retrieval of my belongings seized by the State Police as well as his request for records relating to the incident.

**Interrogatory 5**: Please set forth each and every fact upon which you base your allegation at Paragraph 41 of the Complaint that "Defendants, by their individual and concerted acts and/or omissions, including but not limited to those described herein, breached the duty of care owed to Plaintiff thereby causing Plaintiff to sustain reasonably foreseeable harm and damages as aforesaid.

**Answer**: I am unable to respond to this question because I do not have the legal expertise to understand the question. Furthermore, I did not prepare the Complaint.

**Interrogatory 6**: Please set forth each and every fact upon which you base your allegation at Paragraph 42 of the Complaint the "Defendants John Doe and Ron Doe, by their individual and concerted acts and/or omissions, including but not limited to those described herein, caused Plaintiff to reasonably fear imminent bodily harm and to sustain damages as aforesaid.

**Answer**: See response to Interrogatory No. 5.

**Interrogatory 7**: Please set forth each and every fact upon which you base your allegation at Paragraph 43 of the Complaint that "Defendants, John Doe and Ron Doe by their individual and concerted acts and/or omissions, including but not limited to those described herein, intentionally engaged in unprivileged unconsented and offensive contact with the Plaintiff to sustain damages as aforesaid.

**Answer**: See response to Interrogatory No. 5.

**Interrogatory 8**: Please state each and every fact upon which you base your allegation at Paragraph 44 of the Complaint that Defendants "cause Plaintiff to be illegally

2

searched and seized in derogation of Plaintiff's constitutional rights secured under the Fourth and Fourteenth Amendments to the United States Constitution."

**Answer:**          See response to Interrogatory No. 5.

**Interrogatory 9:**  Please state each and every fact upon which you base your allegation at Paragraph 44 of the Complaint that Defendants "cause Plaintiff to be illegally searched and seized in derogation of Plaintiff's constitutional rights secured under Article 1 §6 of the Rhode Island Constitution."

**Answer:**          See response to Interrogatory No. 5.

**Interrogatory 10:** Please state each and every fact which you base your allegations at Paragraph 46 of the Complaint that the Defendants "by their individual and concerted acts and/or omissions, including but not limited to those described herein, caused the Plaintiff to sustain damages as aforesaid, and thereby deprived Plaintiff of rights secured under 42 USC § 1981.

**Answer:**          See response to Interrogatory No. 5.

**Interrogatory 11:** Please set forth each and every fact upon which you base your allegation in Paragraph 37 of the Complaint that "the State by and through their policy-making officials and agents approved, acquiesced to, condoned, intentionally ignored or were deliberately to the practice of routinely searching, seizing, arresting, assaulting, and battering individuals without legal cause, and failed to change or eliminate such unlawful policy.

**Answer:**          See response to Interrogatory No. 5.

**Interrogatory 12:** Do you contend that you suffered any damages as a result of the acts or omissions of any Defendant?

If your answer is yes, state:

a. Each and every fact upon which you base that contention;
b. State the name and current or last known address of each and every witness to the facts stated above, further stating which facts each person witnessed;
c. Identify the nature, substance and location of each and every document that supports your contention; and
d. Itemize in chronological order the nature and amount of each item of damage claimed by you.

**Answer:**

a. The Plaintiff sustained a gunshot wound to my leg for no reason;

3

    b. Howard Soares, Jr., 90 Superior Street, Providence, RI, the individual Defendants and the witnesses to the incident;

    c. See response to Request No. 4 of Defendant, State of Rhode Island's Request for Production of Documents; and,

    d. Plaintiff may supplement this answer in accordance with the Fed.R.Civ. P.

**Interrogatory 13**:    Please describe all injuries, both medical and psychological which you claim to have suffered as a result of the alleged incident described in your Complaint stating the parts of your body so affected, the severity of such injuries, ailments or pains and how long each lasted.

**Answer**:    The Plaintiff suffered a gunshot wound injury to his right thigh and psychological injuries due to the incident.

**Interrogatory 14**:    Please state each and every date on which you were examined or treated by any doctor, physician, psychiatrist, psychologist, or other health care provider with respect to any injury, illness or disability which you claim to have sustained or suffered as a result of the alleged occurrence described in your Complaint, setting forth in detail as to each such date of examination or treatment:

    a. The name and address of each such doctor, physician, psychiatrist, psychologist or other health care professional;

    b. The nature and extent of the examination or treatment received from each such doctor, physician, psychiatrist, psychologist or other health care professional;

    c. The diagnosis made by each such doctor, physician, psychiatrist, psychologist or other health care professional; and

    d. The amount of the charge made to you, or any other person or organization for your account, by each such doctor, physician, psychiatrist, psychologist or other health care professional, fully itemized as indicated in any bill rendered therefore.

**Answer**:
    a.

        1. On or about June 25, 2002, the Plaintiff sough medical treatment at Rhode Island Hospital Emergency Room;

        2. The Plaintiff was treated at Rhode Island Hospital for a gunshot wound injury to his right thigh;

        3. gunshot wound to the right thigh; and,

        4. $1,995.00.

    b.

        1. On or about July 1, 2002, July 8, 2002, and July 22, 2002, the Plaintiff sought follow-up medical treatment at the Rhode Island Hospital Surgical Trauma Clinic;

4

2. The Plaintiff received follow-up medical treatment at the trauma clinic for the aforesaid gunshot wound injury;
3. Not applicable; and,
4. $937.00.

c.

1. Between or about July 2, 2002 through or about October 25, 2002, the Plaintiff treated with David Kahn, M.D.;
2. The Plaintiff received psychotherapy treatment from Dr. Kahn;
3. The Plaintiff may supplement this answer in accordance with the Rhode Island Super. Ct. R. Civ. P.;
4. $950.00.

**Interrogatory 15:**   If you are claiming any loss of earning capacity as a result of the alleged occurrence, please state:

a. The inclusive dates between which you were unable to work as a result of the alleged occurrence;
b. The total amount of earnings which you lost as a result of your absence;
c. The nature of your employment immediately prior to the alleged occurrence, indicating your job title, classification or position; and
d. Your earning basis on a weekly, monthly or annual arrangement.

**Answer:**   At this time, the Plaintiff is not claiming any loss of earning capacity.

**Interrogatory 16:**   State the name, residence and business address of each person whom you expect to call as a witness in this case and five a brief summary of the expected testimony of each witness.

**Answer:**   I will testify as to the incident and my injuries. My attorney advises me that no decision has been made as to who else he intends to call to testify.

**Interrogatory 17:**   Identify each document, pieces of documentary evidence or exhibit you intend to present at trial in this action.

**Answer:**   My attorney advises me that no decision has been made as to what evidence he intends to present at trial.

**Interrogatory 18:**   State the name, address, area of expertise and qualifications of any expert witness you have retained to testify on your behalf at trial and with respect to each provide:

a. The subject matter on which the expert is expected to testify;
b. The facts and opinions to which each expert is expected to testify;
c. A summary of the grounds for each opinion of each expert; and

5

        d. All treatises, texts or articles relied upon by the expert in forming each such opinion.

**Answer:** David M. Grossi. Please see Plaintiff's Supplemental Response to Defendants' Request for Production of Documents.

**Interrogatory 19:** Have you ever been arrested, convicted of or pled guilty or nolo to a criminal offense. If so, state the date of your plea or conviction, the charge(s), the file number and the name address of the Court.

**Answer:** In July, 2002, the Plaintiff was arrested for driving with a suspended license; Sixth Division District Court, One Dorrance Plaza, Providence, Rhode Island. The Plaintiff will supplement this response.

**Interrogatory 20:** Do you contend that the violation of any rule, regulation, policy or statute contributed to the damages of plaintiff?

        a. Each and every fact upon which you base that contention specifically identifying the rule, regulation, policy or statute;

        b. State the name and current last known address of each and every witness to that facts stated above, further stating which facts each person witnessed; and

        c. Identify the nature, substance and location of each and every document that supports your contention.

**Answer:** Please see response to Interrogatory No 5.

**Interrogatory 21:** Please give an account, itemized as fully and as carefully as you can, of all losses and expenses which you claim were incurred by you as a result of the alleged occurrence, stating in your answer those losses or expenses which are attributable to hospitals, doctors, nursing, medicines, medical applicable, loss of earning capacity and any and all other losses or expensed you contend you suffered or sustained.

**Answer:** See Plaintiff's Answer to Interrogatory No. 14.

**Interrogatory 22:** If you are making a claim for loss of income or earning capacity, state for the five year period preceding the incident alleged in your complaint your employment history, including the name and address(es) of all employers, your job title(s), your hourly wage(s), the dates of each employment, the dates and reasons you left each employment and the names and addresses of your immediate supervisors.

**Answer:** See Plaintiff's Answer to Interrogatory No. 15.

**Interrogatory 23**:   State the name(s) and address(es) of any other witnesses to any allegation of your complaint who has not been previously identified in you answers to these interrogatories.

**Answer**:   None.

**Interrogatory 24**:   For the five year period prior and subsequent to the incident alleged in your complaint, describe in detail all personal injuries suffered by you and state the name and addresses of all health care providers who examined or treated you during the period.

**Answer**:   Not applicable.

EMANUEL JENKINS

Subscribed and sworn before me in _Cranston, RI_, Rhode Island on this _18th_ day of _October_, 2005.

Notary Public
My Commission Expires: _11/24/07_

Submitted by:
Attorneys for Plaintiff,
SINAPI, FORMISANO & CO., LTD.

V. Edward Formisano (5512)
100 Midway Place, Suite 1
Cranston, RI   02920
(401) 944-9690
(401) 943-9040 (facsimile)

7

## CERTIFICATION

To:    Brenda Baum, Assistant Attorney General
Department of Attorney General
150 South Main Street
Providence, RI 02903

    I hereby certify that the within document was caused to be served by mail, postage prepaid, to the above-cited attorney of record on this 19 day of October, 2005.

8