# Exhibit C

State of Rhode Island and Providence Plantations

DEPARTMENT OF ATTORNEY GENERAL
150 South Main Street • Providence, RI 02903
(401) 274-4400
TDD (401) 453-0410

*Patrick C. Lynch, Attorney General*

October 25, 2005

V. Edward Formisano, Esq.
Sinapi, Formisano & Coleman, Ltd.
100 Midway Place, Suite 1
Cranston, RI 02920

RE: *Emanuel Jenkins v. State of Rhode Island, et als.*
C.A. No. 04-453S

Dear Ed:

I am sending this letter pursuant to Federal Rule of Civil Procedure 37 and Local Rule 13 in an attempt to resolve these issues without court intervention. In reviewing the Plaintiff's Response to Interrogatories Propounded by Defendant State of Rhode Island's we are requesting that the answers be supplemented and that the following information be provided so that they are responsive:

> Interrogatory No. 5: Please set forth each and every fact upon which you base your allegation at Paragraph 41 of your Amended complaint that "Defendants, by their individual and concerted acts and/or omissions, including but not limited to those described herein, breached the duty of care owed to Plaintiff thereby causing Plaintiff to sustain reasonable foreseeable harm and damages".
> Plaintiff's Response: I am unable to respond to this question because I do not have the legal expertise to understand the question. Furthermore, I did not prepare the Complaint.
> Information Sought: Plaintiff's Complaint includes a conclusory statement. Plaintiff should not be able to escape explaining the facts that he premises his claims against Defendant State of Rhode Island because he alleges that he does not have the legal expertise to understand the question nor did he prepare the Complaint. Only Plaintiff knows what actions or inactions he believes breached a duty of care he claims he was owed. The interrogatory asks for facts and Defendant State of Rhode Island cannot properly defend against these allegations and will be severely prejudiced if Plaintiff does not provide the facts that support this claim. Defendant State of Rhode Island requests that Plaintiff identify with detail each and every fact he is relying on when he makes this conclusory

statement that the defendants "individual and concerted acts and/or omissions, including but not limited to those described herein, breached the duty of care owed to Plaintiff thereby causing Plaintiff to sustain reasonable foreseeable harm and damages".

Interrogatory No. 6: Please set forth each and every fact upon which you base your allegation in Paragraph 42 of your Complaint that Defendant John Doe and Ron Doe, by their individual and concerted acts and/or omission caused you to "reasonably fear imminent bodily harm".
Plaintiff's Response: See response to Interrogatory Number 5.
Information Sought: Plaintiff's response to interrogatory number 6 was "I am unable to respond to this question because I do not have the legal expertise to understand the question. Furthermore, I did not prepare the Complaint."
Plaintiff's Complaint includes a conclusory statement. Plaintiff should not be able to escape explaining the facts that he premises his claims against Defendant State of Rhode Island because he alleges that he does not have the legal expertise to understand the question nor did he prepare the Complaint. Only Plaintiff knows what actions or inactions he believes caused him to "reasonably fear imminent bodily harm". The interrogatory asks for facts and Defendant State of Rhode Island cannot properly defend against these allegations and will be severely prejudiced if Plaintiff does not provide the facts that support this claim. Defendant State of Rhode Island requests that Plaintiff identify with detail each and every fact Plaintiff is relying on when he makes this conclusory statement that Defendants John Doe and Ron Doe (Trooper Moynihan and Trooper Borek) acted and/or omitted to act which caused him to "reasonably fear imminent bodily harm".

Interrogatory No. 7: Please set forth each and every fact upon which you base your allegation at Paragraph 43 of the Complaint that "Defendants, John Doe and Ron Doe, by their individual and concerted acts and/or omissions, including but not limited to those described herein, intentionally engaged in unprivileged unconsented and offensive contact with the Plaintiff, causing Plaintiff to sustain damages as aforesaid."
Plaintiff's Response: See response to Interrogatory Number 5.
Information Sought: Plaintiff's response to interrogatory number 6 was "I am unable to respond to this question because I do not have the legal expertise to

understand the question. Furthermore, I did not prepare the Complaint."
Plaintiff's Complaint includes a conclusory statement. Plaintiff should not be able to escape explaining the facts that he premises his claims against Defendant State of Rhode Island because he alleges that he does not have the legal expertise to understand the question nor did he prepare the Complaint. Only Plaintiff knows what actions or inactions he believes John Doe and Ron Doe that resulted in an "unprivileged, unconsented and offensive contact with" him. The interrogatory asks for facts and Defendant State of Rhode Island cannot properly defend against these allegations and will be severely prejudiced if Plaintiff does not provide the facts that support this claim. Defendant State of Rhode Island requests that Plaintiff identify with detail each and every fact Plaintiff is relying on when he makes this conclusory statement that the two troopers "intentionally engaged in unprivileged, unconsented and offensive contact with" him.

Interrogatory No. 8: Please state each and every fact upon which you base your allegation at Paragraph 44 of the Complaint that Defendants " cause Plaintiff to be illegally searched and seized in derogation of Plaintiff's" constitutional rights secured under the Fourth and Fourteenth Amendments to the United States Constitution."
Plaintiff's Response: See response to Interrogatory Number 5.
Information Sought: Plaintiff's response to interrogatory number 5 was "I am unable to respond to this question because I do not have the legal expertise to understand the question. Furthermore, I did not prepare the Complaint."
Plaintiff's Complaint includes a conclusory statement. Plaintiff should not be able to escape explaining the facts that he premises his claims against Defendant State of Rhode Island because he alleges that he does not have the legal expertise to understand the question nor did he prepare the Complaint. Only Plaintiff knows what actions or inactions he believes of defendants that constituted an illegal search and seizure. The interrogatory asks for facts and Defendant State of Rhode Island cannot properly defend against these allegations and will be severely prejudiced if Plaintiff does not provide the facts that support this claim. Only Plaintiff knows what actions or inactions he believes constituted an illegal search and an illegal seizure. Defendant State of Rhode Island requests that Plaintiff identify with detail each and every fact Plaintiff is relying on when he makes this conclusory statement that Defendants "illegally searched and seized [him]" in violation of the US Constitution.

Interrogatory No. 9: Please state each and every fact upon which you base your allegation at Paragraph 44 of the Complaint that Defendants " cause Plaintiff to be illegally searched and seized in derogation of Plaintiff's" constitutional rights secured under Article I, § 6 of the Rhode Island Constitution."
Plaintiff's Response: See response to Interrogatory Number 5.
Information Sought: Plaintiff's response to interrogatory number 5 was "I am unable to respond to this question because I do not have the legal expertise to understand the question. Furthermore, I did not prepare the Complaint."
Plaintiff's Complaint includes a conclusory statement. Defendant State of Rhode Island requests that Plaintiff identify with detail each and every fact Plaintiff is relying on when he makes this conclusory statement in the Complaint. Plaintiff should not be able to escape explaining the facts that he premises his claims against Defendant State of Rhode Island because he claims that he does not have the legal expertise to understand the question nor did he prepare the Complaint. Only Plaintiff knows what actions or inactions he believes of Defendants that constituted an illegal search and seizure. The interrogatory asks for facts and Defendant State of Rhode Island cannot properly defend against these allegations and will be severely prejudiced if Plaintiff does not provide the facts that support this claim. Defendant State of Rhode Island requests that Plaintiff identify with detail each and every fact Plaintiff is relying on when he makes this conclusory statement that Defendants "illegally searched and seized [him]" in violation of the Rhode Island Constitution.

Interrogatory No. 10: Please state each and every fact upon which you base your allegations at Paragraph 46 of the Complaint that the Defendants "by their individual and concerted acts and/or omissions, including but not limited to those described herein, caused the Plaintiff to sustain damages as aforesaid, and thereby deprived Plaintiff of rights secured under 42 USC § 1981."
Plaintiff's Response: See response to Interrogatory Number 5.
Information Sought: Plaintiff's response to interrogatory number 5 was "I am unable to respond to this question because I do not have the legal expertise to understand the question. Furthermore, I did not prepare the Complaint."
Plaintiff's Complaint includes a conclusory statement. Plaintiff should not be able to escape explaining the facts that he premises his claims against Defendant State of Rhode Island because he claims that he does not have the legal expertise to understand the question nor did he prepare the Complaint. Only Plaintiff knows what actions or inactions he believes of Defendants that constituted an illegal search and seizure in violation of 42 USC §1981. The

interrogatory asks for facts and Defendant State of Rhode Island cannot properly defend against these allegations and will be severely prejudiced if Plaintiff does not provide the facts that support this claim. Defendant State of Rhode Island requests that Plaintiff identify with detail each and every fact that supports his claim that Defendants deprived him of his "right to be secure from unreasonable intrusion upon [his] physical solitude or seclusion" in violation of 42 U.S.C. §1981."

I look forward to learning whether Plaintiff Jenkins will agree to provide the requested answers as described above so that they are responsive to the interrogatories. I am requesting a response on or before November 4, 2005.

Sincerely,

Brenda D. Baum
Assistant Attorney General
Extension 2294