**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **EMANUEL JENKINS,** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **C.A. No. 04-453S** |
| | : | |
| **STATE OF RHODE ISLAND, et al.,** | : | |
| **Defendants** | : | |

**PLAINTIFF'S MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO INTERROGATORIES PROPOUNDED TO DEFENDANT STATE OF RHODE ISLAND**

Now comes the Plaintiff, pursuant to Fed.R.Civ.P. 37(a)(2) and Local Rule 13, and hereby moves this Honorable Court for an order compelling Defendant State of Rhode Island ("State") to provide more responsive answer to interrogatory no. 6.

Plaintiff submits that Defendant State's response to the interrogatory enumerated above is inadequate for the reasons discussed below and thus Defendant State should be compelled to provide the information sought.

**Interrogatory No. 6**: Describe in detail any policy, procedure, guidelines or custom of the Defendant State of Rhode Island Police Department ("Department") relative to the selection, training, instruction and supervision of police officers of the Department regarding investigatory stops, search, seizure and arrests, as well as use of force, in existence as of the date of the incident as well as any and all changes and/or amendments made subsequent thereto.

**Defendant's Response**: Objection. The interrogatory is overly broad, unduly burdensome, not likely to lead to discovery of admissible evidence at trial and protected by the law enforcement privilege. Without waiving said objection, Defendant State refers Plaintiff to the Use of Force Policy produced in Defendant State of Rhode Island's Response to Request No. 3 of the Request for Production of Documents.

**Information Sought:** The Rhode Island Rules of Evidence, the Federal Rules of Evidence and case law, e.g., Association for Reduction of Violence v. Hall, 734 F.2d 63 (1st Cir. 1984) do not support Defendant's position as to the applicability of the law enforcement privilege to this request. Moreover, the interrogatory is not vague, overly broad or burdensome. Accordingly, Defendant should be ordered to produce the information sought.

WHEREFORE, the Plaintiff respectfully prays that his Motion to Compel be granted and that Defendant State be ordered to provide the information sought within fourteen (14) days of the hearing.

PLAINTIFF
By his attorneys,
SINAPI, FORMISANO & CO., LTD.

Dated: April 20, 2006

V. Edward Formisano (#5512)
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9690
(401) 943-9040 (facsimile)

**ATTORNEY CERTIFICATION**

The undersigned certifies that he has in good faith conferred with Defendant's counsel regarding the failure of same to respond to discovery requests in an effort to secure the requested information prior to seeking court action.

V. Edward Formisano

**CERTIFICATION**

To: Brenda D. Baum, Assistant Attorney General
Department of Attorney General
150 South Main Street
Providence, RI 02903

I hereby certify that the within document was caused to be mailed, postage prepaid, to the above-cited attorney of record on this 20 day of April, 2006.

Jessica A. Vieja