**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **EMANUEL JENKINS** | : | |
| | : | |
| **v.** | : | **C.A. NO: 04-453S** |
| | : | |
| **STATE OF RHODE ISLAND, State Police Department, STEVEN M. PARE, individually and in his official capacity as Superintendent of the Rhode Island State Police, MATTHEW MOYNIHAN individually and in his official capacity as a state trooper employed by the State of Rhode Island, Rhode Island State Police, DEREK BOREK, individually and in his official capacity as a state trooper employed by the State of Rhode Island, Rhode Island State Police** | : | |

**DEFENDANT STATE OF RHODE ISLAND'S OBJECTION TO PLAINTIFF'S MOTION TO COMPEL A MORE RESPONSIVE ANSWER TO INTERROGATORY NUMBER 6**

Now comes the Defendant State of Rhode Island and objects to Plaintiff's Motion to Compel a More Responsive Answer to Interrogatory Number 6. Interrogatory Number 6 asks Defendant State to:

> [d]escribe in detail any policy, procedure, guidelines or custom of the Defendant Rhode Island State Police Department (:Department") relative to the selection, training, instruction and supervision of police officers of the Department regarding investigatory stops, search, seizure and arrests, as well as use of force, in existence as of the date of the incident as well as any and all changes and or amendments made subsequent thereto.

The Defendant State responded as follows:

> Objection. The interrogatory is overly broad, unduly burdensome not likely to lead to the discovery of admissible evidence at trial and protected by the law enforcement privilege. Without waiving said objection, Defendant State refers Plaintiff to the Use of Force Policy produced in

Defendant State of Rhode Island's Response to Request No. 3 of the Request for Production of Documents.

The Defendant State submits that the interrogatory is overly broad as it sets no time frame that is seeks such policies, procedures or guidelines and any revisions thereto. . Defendant State further submits that the Plaintiff in this case has not fulfilled the requirements set forth in Association for Reduction of Violence v. Hall, 734 F.2d 63 (1st Cir. 1984) by demonstrating a threshold of need, amounting to more than mere speculation. Plaintiff needs to demonstrate, in light of the claims he has asserted and of those claims only the legally competent ones, a showing of need. Moreover, disclosure of such policies requested by Plaintiff could jeopardize the physical safety of state police troopers during investigatory stops or unnecessarily reveal law enforcement techniques. Wherefore, the Defendant State prays that this Court permit its objection to stand and deny Plaintiff's Motion to Compel.

Respectfully submitted,

DEFENDANT STATE OF RHODE ISLAND

By Its Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

BRENDA D. BAUM (5184)
Assistant Attorney General
150 South Main Street
Providence, Rhode Island 02903
(401) 274-4400 Ext. 2294
(401) 222-3016 (Fax)

**CERTIFICATION**

I, the undersigned, hereby certify that a copy of the within Objection was mailed, postage prepaid, on this 28th day of April 2006 to:

V. Edward Formisano, Esq.
Sinapi, Formisano & Company
100 Midway Place, Suite 1
Cranston, RI 02920