UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMANUEL JENKINS,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     CA 04-453 S |
| STATE OF RHODE ISLAND,<br>State Police Department,<br>STEVEN M. PARE, individually<br>and in his official capacity<br>as Superintendent of the<br>Rhode Island State Police,<br>MATTHEW MOYNIHAN, individually<br>and in his official capacity<br>as a state trooper employed by<br>the State of Rhode Island,<br>Rhode Island State Police, and<br>DEREK BOREK, individually and<br>in his official capacity<br>as a state trooper employed by<br>the State of Rhode Island,<br>Rhode Island State Police,<br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM AND ORDER
REQUIRING STATE TO SUBMIT
MATERIALS FOR IN CAMERA REVIEW**

Before the Court are two motions filed by Plaintiff: 1) Plaintiff's Motion to Compel More Responsive Answers to Interrogatories Propounded to Defendant State of Rhode Island (Document ("Doc.") #38) ("Motion to Compel Answers to Interrogatories") and 2) Plaintiff's Motion to Compel More Responsive Answers to First Request for Production of Documents Propounded to Defendant State of Rhode Island (Doc. #39) ("Motion to Compel Production of Documents") (collectively the "Motions"). Defendant State of Rhode Island (the "State") has filed objections to the Motions. See Defendant State of Rhode Island's Objection to Plaintiff's Motion to Compel a More Responsive Answer to Interrogatory Number 6 (Doc. #40); Defendant State of

Rhode Island's Objection to Plaintiff's Motion to Compel a More Responsive Answer to Request for Production of Documents Number 3 (collectively "Objections"). The Court conducted a hearing on the Motions on May 12, 2006, and thereafter took the matter under advisement. As explained herein, the Court concludes that an in camera review is necessary in order to rule on the State's claim that the materials Plaintiff seeks are protected by the law enforcement privilege.

## Discussion

The Motion to Compel Answers to Interrogatories seeks a more responsive answer to Interrogatory No. 6. As orally modified by Plaintiff's counsel at the hearing, that interrogatory states:

> <u>Interrogatory No. 6</u>: Describe in detail any policy, procedure, guidelines or custom of the Defendant State of Rhode Island Police Department ("Department") relative to the ... training, instruction and supervision of police officers of the Department regarding investigatory [motor vehicle] stops, search, seizure and arrests, as well as use of force, in existence as of the date of the incident as well as any and all changes and/or amendments made subsequent thereto.

Motion to Compel Answers to Interrogatories at 1.[1]

The Motion to Compel Production of Documents seeks a more responsive answer to Request No. 3. As orally modified at the hearing by Plaintiff's counsel, that request states:

> <u>Request No. 3</u>: Produce a copy of any and all documents describing or embodying any policy, procedure, guidelines or custom relative to ... training, instructing, and supervising troopers in the Department regarding [motor vehicle] investigatory stops, search, seizure and arrests as well as use of force in existence as of the date of the incident as well as any and all changes and/or amendments made subsequent thereto.

---

[1] The ellipsis and bracketed words reflect the oral modification made by Plaintiff's counsel at the 5/12/06 hearing.

2

Motion to Compel Production of Documents at 1.[2]

The State originally objected to the Motions on the ground that the interrogatory and the request are "overly broad, unduly burdensome not likely to lead to the discovery of admissible evidence at trial and protected by the law enforcement privilege." Objections at 1. However, without waiving these objections, the State produced the use of force policy which was in effect at the time Plaintiff was shot. At the hearing, the State relied primarily upon the law enforcement privilege, although it did not abandon its other objections.

In his Amended Complaint, Plaintiff alleges that while operating a motor vehicle he was pulled over by two Rhode Island state troopers, Defendants Matthew Moynihan and Derek Borek, Amended Complaint ¶¶ 9, 14-16; that Defendant Moynihan approached Plaintiff's vehicle with his weapon drawn, id. ¶ 17; that Defendant Moynihan attempted to open the driver's side door of the vehicle while pointing his weapon at Plaintiff but was unable to do so because the door was locked, id. ¶¶ 20-21; that Plaintiff attempted to assist the trooper by engaging the automatic lock for the doors with his right hand, id. ¶ 22; that as the door unlocked, Defendant Moynihan discharged his weapon and shot the Plaintiff in the leg, id. ¶ 23; that Defendant Moynihan pulled Plaintiff from the vehicle, threw him face first to the ground, pushed his foot into Plaintiff's back and handcuffed Plaintiff's hands behind his back, id. ¶ 25; that Defendants Moynihan and Borek put him in an ambulance, face down and handcuffed, id. ¶ 29; and that, after receiving medical treatment, Plaintiff was charged with driving with a suspended license and held on an outstanding warrant in connection therewith, id. at ¶¶ 28-32. Plaintiff further alleges that the

---

[2] See n.1.

3

State and Defendant Steven Pare, the Superintendent of the Rhode Island State Police, failed to properly train and instruct Defendants Moynihan and Borek, Amended Complaint ¶ 34; that all Defendants breached the duty of care owed to Plaintiff, thereby causing him to sustain reasonably foreseeable harm, id. ¶ 41; that Defendants Moynihan and Borek intentionally engaged in unprivileged and unconsented contact with Plaintiff, causing him to sustain damages, id. ¶ 43; that Defendants, "acting under color of state law, by their individual and concerted acts and/or omissions ... caused Plaintiff to be illegally searched and seized ...," id. ¶¶ 44-46; and that by these acts and/or omissions Defendants deprived Plaintiff of rights secured under the United States Constitution, the Rhode Island Constitution, and 42 U.S.C. § 1981, see id.

The State admits that "Troopers Moynihan and Borek conducted an investigatory stop of Plaintiff's vehicle." Defendant State of Rhode Island's Memorandum of Law in Support of Its Objections to Plaintiff's Motions to Compel (Doc. #47) ("State's Mem.") at 7. The State also appears to acknowledge that before the troopers stopped Plaintiff's vehicle the Woonsocket Police Department ("WPD"), which had previously put out a radio broadcast that Plaintiff's vehicle was wanted in connection with an assault with a dangerous weapon involving a handgun, put out a second broadcast, advising that "[t]here is no active complaint for ADW; however, we do have reason to believe there is a handgun inside the vehicle." State's Mem., Exhibit ("Ex.") B (transcript of radio broadcasts by WPD) at 2. It appears to be undisputed that during the course of the investigatory stop Trooper Moynihan shot Plaintiff, although what transpired immediately before the shooting is disputed.

As an initial matter, the Court agrees with the State that even as orally modified by Plaintiff's counsel the requests

4

contained in the Motions are overly broad and unduly burdensome. Based on the allegations in Plaintiff's Amended Complaint and undisputed matters described above, this Court finds that the materials which are relevant to Plaintiff's claims are those which pertain to: 1) investigatory stops of motor vehicles; 2) seizures of persons or property in connection with such stops; and 3) arrests of persons following such stops. Regarding the latter category, the materials are limited to those which pertain to: the circumstances under which a person may be physically removed from the vehicle, the circumstances under which s/he may be handcuffed following an investigatory stop, and the duration of such handcuffing. When limited to these areas, the Court finds that requests are not unduly burdensome.

Before proceeding to consideration of the law enforcement privilege, the Court restates Plaintiff's requests to reflect its determination regarding their proper scope. For purposes of the following discussion, the interrogatory and request for production at issue are treated as if they read as restated below:

> Restated Interrogatory No. 6: Describe in detail any policy, procedure, guidelines or custom of the Defendant State of Rhode Island Police Department ("Department") relative to the training, instruction and supervision of police officers of the Department regarding: 1) investigatory stops of motor vehicles, 2) seizures of persons or property in connection with such stops, and 3) arrests of persons following such stops,[3] in existence as of the date of the incident as well as any and all changes and/or amendments made subsequent thereto.

---

[3] Regarding category 3), the materials are limited to those which pertain to: the circumstances under which a person may be physically removed from the vehicle, the circumstances under which s/he may be handcuffed following an investigatory stop, and the duration of such handcuffing.

5

<u>Restated Request No. 3</u>: Produce a copy of any and all documents describing or embodying any policy, procedure, guidelines or custom relative to training, instructing, and supervising troopers in the Department regarding 1) investigatory stops of motor vehicles, 2) seizures of persons or property in connection with such stops, and 3) arrests of persons following such stops,[4] as of the date of the incident as well as any and all changes and/or amendments made subsequent thereto.

The Court now considers the State's claim that the information sought is protected by the law enforcement privilege. Federal case law recognizes "a privilege for 'documents that would tend to reveal law enforcement investigative techniques or sources ....'" <u>Ass'n for Reduction of Violence v. Hall</u>, 734 F.2d 63, 65-66 (1st Cir. 1984)(quoting <u>Black v. Sheraton Corp. of America</u>, 564 F.2d 531, 545 (D.C. Cir. 1977)). The privilege is qualified and not absolute. <u>Id.</u> at 66. In ruling upon a claim of law enforcement privilege, a trial court is required to balance conflicting interests on a case-by-case basis. <u>Id.</u> "When particular documents have been determined to be covered by a qualified privilege, a party seeking discovery of those documents must make a threshold showing of need, amounting to more than 'mere speculation.'" <u>Id.</u> (quoting <u>Socialist Workers Party v. Attorney Gen.</u>, 565 F.2d 19, 23 (2nd Cir. 1977)).

Based on the allegations of Plaintiff's Amended Complaint and the fact that the State does not appear to dispute that Defendant Moynihan shot Plaintiff during the course of an investigative stop which occurred after the WPD had put out a second broadcast, advising that the WPD did not have an active assault with a dangerous weapon complaint pertaining to Plaintiff's vehicle although the WPD had reason to believe that the vehicle contained a handgun, the Court finds that Plaintiff has made the necessary threshold showing of need, amounting to

---

[4] <u>See</u> n.3.

6

more than "mere speculation," Ass'n for Reduction of Violence v. Hall, 734 F.2d at 66, relative to the information which he seeks by the Motions as restated by the Court. In reaching this conclusion, the Court is strongly influenced by the fact that Plaintiff's suit is non-frivolous and appears to have been brought in good faith.

The State, in objecting to the Motions, asserts that "disclosure of any responsive documents could reveal law enforcement techniques ...," State's Mem. at 5, and that Plaintiff and the general public could use this information to thwart future police investigations and arrests, id. In Morrissey v. City of New York, 171 F.R.D. 85 (S.D.N.Y. 1997), a case which the State discusses at some length in its memorandum, see State's Mem. at 4-5, the court found that information relating to the means by which a recording device was attached to the informants was protected by the law enforcement privilege, Morrissey v. City of New York, 171 F.R.D. at 91. In making this finding, the Morrissey court noted that the plaintiff's need for the information was "virtually nonexistent," id., as it had "almost nothing to do with his case," id., and that the defendants had "demonstrated that this information, were it publicly available, would seriously compromise future law enforcement investigations," id.

Here, in contrast, the information is relevant to Plaintiff's claims that Defendants are guilty of negligence, that they caused him to be illegally seized[5] and deprived him of his

---

[5] The act of shooting Plaintiff constitutes a seizure. See Ciminillo v. Streicher, 434 F.3d 461, 466 (6th Cir. 2006)("There is no question that [the plaintiff] was seized when [the officer] shot him in the bedroom.")(alterations in original); Smith v. Cupp, 430 F.3d 766, 774 (6th Cir. 2005)("Shooting [the plaintiff] is a seizure subject to the reasonableness requirement of the Fourth Amendment."); see also Graham v. Connor, 490 U.S. 386, 395, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989)("[A]ll claims that law enforcement officers have used

7

constitutional rights, and that Defendants Moynihan and Borek intentionally engaged in unprivileged and unconsented contact with Plaintiff causing him to sustain damages. The information sought by Plaintiff is also not akin to the highly sensitive information which the <u>Morrissey</u> court found to be protected.

### Conclusion

After consideration, the Court concludes that the appropriate way to determine whether disclosure of the information could hinder "future police investigations and arrests," State's Mem. at 5, "jeopardize the physical safety of state troopers during investigatory stops ...," <u>id.</u> at 7, or "unnecessarily reveal law enforcement techniques," <u>id.</u>, is by means of in camera review of the materials, <u>see</u> <u>Ass'n for Reduction of Violence v. Hall</u>, 734 F.3d 63, 66 (1st Cir. 1984)(stating that an in camera review "is a relatively costless and eminently worthwhile method to insure that the balance between [one party's] claims of irrelevance and privilege and [the other's] asserted need for the documents is correctly struck")(quoting <u>Kerr v. United States Dist. Ct.</u>, 426 U.S. 394, 405, 96 S.Ct. 2119, 2125, 48 L.Ed.2d 725 (1977))(alterations in original).

**Accordingly, the State shall submit for an in camera review all materials responsive to Interrogatory No. 6 and Request No. 3 as they have been restated by the Court on pages 5-6 of this Memorandum and Order. Such submission shall be made by June 5,**

---

excessive force--deadly or not--in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard ...."); <u>Gardner v. Buerger</u>, 82 F.3d 248, 251 (8th Cir. 1996)("For Fourth Amendment purposes, a police officer 'seizes' a person when he, by physical force or show of authority, limits that person's liberty.").

**2006.**[6]

To the extent that the State contends that Interrogatory No. 6 and Request No. 3, even as restated by the Court, are overly broad and unduly burdensome and seek irrelevant information, the State's objection is overruled.  To the extent that Plaintiff contends that the interrogatory and request for production, as restated by the Court, are too narrow or otherwise insufficient, Plaintiff's objection is overruled.

So ordered.

| ENTER: | BY ORDER: |
|---|---|
| *David L. Martin* (signature) | *Martha [illegible]* (signature) |
| DAVID L. MARTIN<br>United States Magistrate Judge<br>May 15, 2006 | Deputy Clerk |

---

[6] If the potential for harm resulting from disclosure is not obvious from the content of the materials, the State may submit ex parte a brief memorandum explaining the risk in divulging particular information.