UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMANUEL JENKINS,<br>Plaintiff,<br><br>v.<br><br>STATE OF RHODE ISLAND,<br>State Police Department,<br>STEVEN M. PARE, individually<br>and in his official capacity<br>as Superintendent of the<br>Rhode Island State Police,<br>MATTHEW MOYNIHAN, individually<br>and in his official capacity<br>as a state trooper employed by<br>the State of Rhode Island,<br>Rhode Island State Police, and<br>DEREK BOREK, individually and<br>in his official capacity<br>as a state trooper employed by<br>the State of Rhode Island,<br>Rhode Island State Police,<br>Defendants. | : | CA 04-453 S |

**ORDER**
**GRANTING IN PART**
**AND DENYING IN PART**
**MOTIONS HEARD ON MAY 12, 2006**

On May 12, 2006, the Court conducted a hearing on two motions filed by Plaintiff: 1) Plaintiff's Motion to Compel More Responsive Answers to Interrogatories Propounded to Defendant State of Rhode Island (Document ("Doc.") #38) ("Motion to Compel Answers to Interrogatories") and 2) Plaintiff's Motion to Compel More Responsive Answers to First Request for Production of Documents Propounded to Defendant State of Rhode Island (Doc. #39) ("Motion to Compel Production of Documents") (collectively the "Motions"). Defendant State of Rhode Island (the "State") had filed objections to the Motions. See Defendant State of Rhode Island's Objection to Plaintiff's Motion to Compel a More

Responsive Answer to Interrogatory Number 6 (Doc. #40); Defendant State of Rhode Island's Objection to Plaintiff's Motion to Compel a More Responsive Answer to Request for Production of Documents Number 3 (collectively "Objections"). After taking the Motions under advisement, the Court issued a memorandum and order requiring the State to submit for an in camera review all materials responsive to the interrogatory and request for production at issue as restated by the Court in the memorandum and order. See Memorandum and Order Requiring State to Submit Materials for In Camera Review (Document #48) ("Memorandum and Order of 5/15/06") at 8. On June 5, 2006, the State submitted the materials.

The Court has now completed its in camera review of the materials and has concluded that some documents should be released to Plaintiff.[1] Accordingly, as to those documents which the Court has determined should be released to Plaintiff, Plaintiff's Motions (as modified by the Memorandum and Order of 5/15/06) are GRANTED and the State's Objections are overruled.[2] As to those documents which the Court has determined should not be released, Plaintiff's Motions (as modified by the Memorandum and Order of 5/15/06) are DENIED and the State's Objections are

[1] As to the documents which the Court has concluded should be released, in some instances only a portion of a document contains relevant material. In those instances the Court considered the possibility of redaction, but ultimately concluded that it was either not warranted or impracticable.

[2] The Court has considered carefully the State's concern that disclosure of these documents "could hinder future police investigations and arrests, jeopardize the physical safety of state troopers during investigatory stop[s] or unnecessarily reveal law enforcement techniques." Defendant State of Rhode Island's Ex Parte Memorandum of Law Filed Pursuant to This Court's May 15, 2006[,] Memorandum and Order at 1-2. The Court concludes that this concern can be addressed by limiting disclosure of the documents to Plaintiff's counsel and Plaintiff's expert.

sustained.[3] Release of the documents to Plaintiff satisfies the State's obligation to provide a further response to Interrogatory No. 6 (as modified by the Memorandum and Order of 5/15/06), and no further written response to that interrogatory shall be required.

Counsel for Plaintiff shall take appropriate measures to safeguard the confidentiality of the documents being released. The documents are not to be released to any additional persons beyond Plaintiff's counsel and his expert without prior permission from this Court.

The documents to be released will be available to Plaintiff's counsel after 3:00 p.m. on Friday, June 9, 2006. Counsel for the State may inspect the documents prior to that time. Counsel are advised to coordinate with Deputy Clerk Martha Saucier at 752-7218 to avoid inconvenience in retrieving or viewing the documents.

So ordered.

ENTER:

David L. Martin

DAVID L. MARTIN
United States Magistrate Judge
June 8, 2006

BY ORDER:

Martha Saucier

Deputy Clerk

[3] The documents which the Court has determined should not be released have no arguable relevance to Plaintiff's claims.